### ALEXANDRIA, (HOOE v.)

[See Hooe v. Alexandria, Case No. 6,667.]

### ALEXANDRIA, (LYLES v.)

[See Lyles v. Alexandria, Case No. 8,623.]

### ALEXANDRIA, (LYLES v.)

[See Lyles v. Alexandria, Case No. 8,624.]

## Case No. 184.

### ALEXANDRIA v. MANDEVILLE.

[2 Cranch, C. C. 224.][1]

Circuit Court, District of Columbia. Nov. Term, 1820.

STREETS — PAVING — LOCAL ASSESSMENTS — EVIDENCE.

1. It is not necessary that an order of the common council for the pavement of any particular street should be passed as a by-law and submitted to the mayor for his approbation.

2. Upon a motion for judgment against a proprietor of lots, liable for the expense of paving the street opposite the lots, the court will not receive evidence that the pavement was badly done.

This was a motion by Mr. Taylor, attorney for the common council of Alexandria, for judgment against Joseph Mandeville, for his proportion of the expense of paving Pitt street, between Cameron and Queen streets, the recovery of which, by motion, is authorized by the amended charter of the 25th of February, 1804, § 11, (2 Stat. 255.)

By the by-law of the 7th of September, 1802, the proprietor of a lot is liable to a tax of $1.32, on every front foot of his lot on a street sixty-six feet wide, which should

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[1][Reported by Hon. William Cranch, Chief Judge.]

thereafter be ordered by the counsel to be paved. The street in question had been ordered to be paved, the tax had been demanded, and payment refused, and due notice given of the present motion.

Mr. Swann, for defendant, offered to prove that the order for the paving of Pitt street, between Cameron and Queen streets, was not passed as a by-law after three readings, agreeably to the rules adopted by the common council.

THE COURT (THRUSTON, Circuit Judge, absent) refused to permit such evidence to be given, deeming it irrelevant and immaterial.

He also offered evidence that the pavement was badly done. But the court rejected the evidence; and in the case of Common Council v. Swann, [Case No. 3,066,] at the same term, decided (THRUSTON, Circuit Judge, absent) that it was only competent for the defendant to show that the contract made by the common council for the pavement was not fairly made, or fraudulent, or not with good faith.

Judgment for the plaintiff.